UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                              Plaintiff,

            -against-

CAREMOUNT MEDICAL P.C.; WEILL
CORNELL MEDICINE; NEW YORK-
PRESBYTERIAN/WEILL CORNELL
MEDICAL CENTER; EDWARD S.
BARNES, MD; MARGARET M.
POLANECZKY, MD; ANN D. CARLSON,

                              Defendants.

21-CV-7453 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under the Court's diversity
jurisdiction, asserting state law claims of medical malpractice against Defendants. Plaintiff filed
a motion to proceed anonymously along with redacted and unredacted copies of the complaint.[1]
For the reasons set forth below, the Court denies Plaintiff's motion to proceed anonymously and
grants Plaintiff fifteen days to withdraw the complaint or consent to proceed under her real name.

## DISCUSSION

    Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a]
complaint must name all the parties[.]" *Id.* "This requirement . . . serves the vital purpose of
facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."
*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). The use of a
pseudonym by a plaintiff in civil litigation "must be balanced against both the public interest in

---

[1] The Clerk of Court has restricted viewing of the unredacted documents to "case
participants" only.

disclosure and any prejudice to the defendant." *Id.* at 189. When determining whether a litigant can proceed under a pseudonym, the following nonexhaustive list of factors should be considered:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations omitted, alterations in original). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests[.]" *Id.*

Plaintiff fails to allege facts establishing that the Court should permit her to proceed anonymously. The complaint alleges that Defendants, who are doctors and medical care providers, failed to provide Plaintiff with an appropriate standard of care. In her motion, Plaintiff requests permission to proceed anonymously "in order to preserve the privacy of [her] medical records, protect [her] identity from harassment, injury, ridicule, personal embarrassment, and irreparable damage to [her] reputation and career." (ECF 1, at 1.)[2]

---

[2] Citations are to the redacted documents.

Because the litigation involves Plaintiff's personal medical history, it arguably involves matters that are highly sensitive and of a personal nature.  Nonetheless, "[t]he fact that a case involves a medical issue is not sufficient reason for allowing the use of a fictitious name, even though may people are understandably secretive about their medical problems." *Rankin v. New York Pub Library*, No. 98-CV-4821, 1999 WL 1084224, at *1 (S.D.N.Y. Dec. 2, 1999) (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)); *see also Mottola v. Denigre*, No. 12-CV-3465, 2012 WL 12883775, at *2 (S.D.N.Y. June 8, 2012) (denying motion to proceed anonymously despite plaintiff's allegations that "psychiatric history" would be "part of this case"); *Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-0621, 2020 WL 4481641, at *3 (E.D.N.Y. Aug. 4, 2020) ("While the complaint includes information about plaintiff's medical history . . . plaintiff's factual claims do not present 'exception[al] circumstances that in and of themselves justify overriding the constitutional presumption of openness.'" (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006))). Courts have denied motions to proceed anonymously in cases involving highly sensitive information. *See, e.g.*, *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405-06 (S.D.N.Y. 2019) (denying motion to proceed anonymously despite "highly sensitive" allegations of being "sexually assaulted while unconscious" and subject to "sexual harassment following the incident"). Here, the nature of Plaintiff's allegations – that Defendants failed to provide an appropriate standard of care after she informed them of a family history of cancer – are not of such a highly sensitive nature so as to justify permitting her to proceed anonymously.

Plaintiff alleges that she seeks protection from "harassment, injury, ridicule, personal embarrassment" and harm to her reputation and career, but she alleges no facts explaining how public litigation of her claims would cause her to experience harassment or damage to her career.

3

"Speculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *Id.* at 406. In any event, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Id.* at 405 (internal quotation and citations omitted).

Plaintiff is not a member of a population that is particularly vulnerable to the possible harms of disclosure, such as a young child. *See Sealed Plaintiff*, 537 F.3d at 187.

Plaintiff is challenging the actions of private medical care providers, and courts are less likely to grant requests for anonymity when the action involves purely private parties, as compared to an action involving the government. *See id.* at 189.

It is unclear from the allegations whether the public has strong interest in knowing the identity of this particular plaintiff, but there is a significant public interest in open court proceedings generally. Given the personal and fact-specific nature of Plaintiff's claims, Defendants likely would face prejudice if they are required to defend themselves against claims put forth by an anonymous plaintiff. *See Doe v. Delta Airlines Inc.*, 672 F. App'x 48, 52 (2d Cir. 2016) ("The public interest in scrutinizing judicial proceedings combined with the prejudice Delta would face from defending against claims prosecuted by an anonymous person at trial far outweigh Doe's interest in not suffering professional embarrassment and any concomitant financial harm.").

Lastly, there are alternative mechanisms available for protecting the Plaintiff's confidentiality. "A plaintiff's confidentiality can be protected in multiple ways, including 'redaction of the documents and sealing,' 'seek[ing] a protective order,' or 'enter[ing] into a confidentiality agreement.'" *Doe v. New York State Dep't of Health*, No. 20-CV-4817, 2020 WL

5578308, at *5 (S.D.N.Y. Sept. 17, 2020) (quoting *Skyline Automobiles, Inc.*, 375 F. Supp. 3d at 408).

In sum, Plaintiff's allegations are insufficient to overcome the general presumption that the identities of the parties to a lawsuit is public information. The Court therefore denies Plaintiff's request to proceed anonymously.

## CONCLUSION

The Court denies Plaintiff's motion to proceed anonymously. (ECF 1.)

Within fifteen days of the date of this order, Plaintiff must notify the Court whether she wishes to withdraw the complaint or whether she intends to proceed under her real name. If Plaintiff fails to respond within fifteen days, the action will proceed with Plaintiff's real name in the caption. For Plaintiff's convenience, a declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to transmit a copy of this order to Plaintiff. Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

SO ORDERED.

Dated:    September 27, 2021
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____               _____
Executed on (date)                     Signature

_____       _____
Name                                   Prison Identification # (if incarcerated)

_____        _____     _____     _____
Address                                 City                State        Zip Code

_____        _____
Telephone Number (if available)         E-mail Address (if available)