```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                            :
YELENA ANTIPOVA,                                            :
                                                            :
                        Plaintiff,                          :
                                                            :       21 Civ. 7453 (JPC) (BCM)
            -v-                                             :
                                                            :              ORDER
CAREMOUNT MEDICAL P.C., et al.,                             :
                                                            :
                        Defendants.                         :
                                                            :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On October 17, 2022, *pro se* Plaintiff Yelena Antipova filed objections under Federal Rule of Civil Procedure 72(a) to two rulings made by the Honorable Barbara C. Moses, United States Magistrate Judge, during an October 3, 2022 telephone conference. Dkt. 67 ("Objection"); *see also* Dkt. 69 ("10/3/22 Tr."). Because neither of these rulings was clearly erroneous or contrary to law, the Court overrules Plaintiff's objections.

Under Federal Rule of Civil Procedure 72(a), a party may file objections to a non-dispositive order made by a magistrate judge, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A magistrate [judge]'s ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Stollman v. Williams*, No. 20 Civ. 8937 (JPC) (JW), 2022 WL 1772552, at *4 (S.D.N.Y. June 1, 2022) (alteration in original) (quoting *Thai Lao Lignite (Thai.) Co., v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *U2 Home Ent., Inc., v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189

(JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

Plaintiff makes two objections. In the first, "Plaintiff objects to Court's denial of re-service of [a Request for Admission ("RFA")] with respect to Plaintiff's qualification as a high-risk individual within the meaning of [New York Public Health Law] § 266." Objection at 2. Plaintiff argues that an RFA "asking Defendants to either admit or deny whether they know the law and how it applies to Plaintiff," "should be appropriate" and thus that Judge Moses should not have denied a request to re-serve the RFA. *Id.* at 4. Judge Moses did not rule on whether the RFA's content was proper. Instead, Judge Moses declined to either "extend the fact discovery period or shorten the response period" for the at-issue RFA. 10/3/22 Tr. at 24:16-25. This left Plaintiff unable to timely serve the RFA before the close of discovery. *See* 10/3/22 Tr. at 6:10-15; *accord* Fed. R. Civ. P. 36(a)(4) (allotting thirty days to respond to an RFA). Plaintiff does not present an argument as to how Judge Moses's refusal to extend the fact discovery deadline or shorten Defendants' response time was contrary to law or clearly erroneous. She argues only that such an RFA could have been served in the first place.[1] Therefore the Court sustains the ruling on this issue and overrules Plaintiff's objection.

In Plaintiff's second objection, she "objects to the disclosure of her social security disability amounts." Objection at 5. Judge Moses required Plaintiff to produce documents demonstrating amounts awarded to her as social security disability benefits since her receipt of those benefits in

---

[1] Plaintiff's proposed RFA reads "On September 4, 2014, a legal definition of a high-risk individual included a 37-year-old female (Plaintiff's age on Sep. 4, 2014) with a maternal aunt who had ovarian cancer." Objection at 5. While the text of this RFA was not before Judge Moses, *see* 10/3/22 Tr. at 11:13-15, the Court further notes that this appears to be a request for an admission of law and thus is outside the proper scope of an RFA. *See Robinson v. De Niro*, No. 19 Civ. 9156 (LJL) (KHP), 2022 WL 101909, at *3 (S.D.N.Y. Jan. 11, 2022) ("Defendants[] have run afoul of the purpose of Rule 36 by asking Plaintiff to confirm the legal standard, which is under this Court's purview. Requests may not seek pure admission of law."); *Rubinstein v. Music Sales Corp.*, No. 19 Civ. 11187 (LJL), 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("[P]ure requests for admissions of law" are not proper RFAs "even if the legal conclusions may follow from facts that could be admitted.").

2021. 10/3/22 Tr. at 56:15-58:17. Plaintiff argues that disclosure of "disability benefits amounts may adversely affect settlement negotiation because defendants will likely to attempt [*sic*] to reduce their proposals by such amounts." Objection at 5. Thus, she does not appear to dispute the correctness of Judge Moses's determination, but rather her objection is grounded in a concern that revealing this information would put her at a disadvantage during settlement discussions. The Court does not consider that to be a basis to deny Defendants discovery to which they are otherwise entitled. And to that end, the Court agrees with Judge Moses's determination that this was a proper discovery request and Defendants are entitled to this information. Therefore, the Court sustains Judge Moses's ruling on this issue as well and overrules Plaintiff's objection.

    Accordingly, Plaintiff's objections are overruled.

    SO ORDERED.

Dated: October 28, 2022
       New York, New York

                         JOHN P. CRONAN
                         United States District Judge