```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/02/2022

YELENA ANTIPOVA,

        Plaintiff,

-against-

CAREMOUNT MEDICAL P.C., et al.,

        Defendants.

21-CV-7453 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    This is a medical malpractice action. The plaintiff, Yelena Antipova, is a licensed attorney representing herself *pro se*. In broad outline, she contends that the defendants (including her internist, her gynecologist, and a genetic counselor with whom plaintiff was unable to get an appointment) negligently failed to inform her of the genetic risks she faced, refer her to a genetic counselor, provide her genetic counseling, and/or perform genetic testing in the years leading up to her 2019 ovarian cancer diagnosis, after which she tested positive for the BRCA 1 gene, denoting a genetic susceptibility to that disease. Compl. (Dkt. No. 2) ¶¶ 11-13.

    On October 3, 2022, after receiving status letters from the parties and conducting a telephonic status conference (Dkts. 63, 65, 69), the Court issued an Order (Oct. 3 Order) (Dkt. 66) which, as relevant here, directed plaintiff to:

- Execute releases permitting defendants to obtain her employment records since January 1, 2014, limited to records concerning compensation and disability accommodations or benefits;

- Produce her complete federal tax returns for 2020 and 2021, including all schedules; and

- Sit for an oral deposition during the week of January 9, 2023.[1]

---

[1] Fact discovery was otherwise scheduled to close on October 31, 2022. (Dkt. 37.) At plaintiff's request, the Court postponed her deposition to a date well past that deadline so that she would not be required to appear while undergoing what was expected to be a six-month course of chemotherapy (from June through November 2022). *See* Dkt. 61 at 1; Dkt. 69 at 26-31.

Oct. 3 Order ¶¶ 2(a), 2(b), 3.

On October 17, 2022, plaintiff objected to the October 3 Order pursuant to Fed. R. Civ. P. 72(a). (Dkt. 67.) On October 28, 2022, the Hon. John P. Cronan, United States District Judge, overruled her objections. (Dkt. 71.)

On October 31, 2022, plaintiff served defendants with a package entitled "Additional Deliverables," in which she declined to sign the forms provided by defendants' counsel regarding her employment records, which she found "unintelligible." (Dkt. 72-1 at ECF pp. 1-2.) In the same package, plaintiff provided defendants with heavily redacted copies of her 2019 and 2020 federal tax returns, revealing only Schedule C. (*Id*. at ECF pp. 1, 4-17.) The next day, via email, plaintiff informed defendants that because she would be required to undergo one or possibly two additional chemotherapy treatments, she would not be "available for deposition in the beginning of January." (Dkt. 72-2, at ECF p. 5). Despite requests from defendants, plaintiff did not offer any new dates for her deposition. (*Id*. at ECF pp. 1, 6.)

By letter-motion dated November 9, 2022 (Def. Ltr.) (Dkt. 72), defendants requested "the Court's further intervention on these issues." Def. Ltr. at 2. That same day, plaintiff filed a document entitled "Objection under Rule 46" (Pl. Obj.) (Dkt. 73), which appeared to be a procedurally irregular effort to object to the October 3 Order – a second time – insofar as it requires production of her tax returns beyond Schedule C.[2] Plaintiff requested "consent . . . to make a limited disclosure of her 2020- and 2021-income tax return[s] and to disclose only a schedule evidencing her self-employment income (i.e., Schedule C)." Pl. Obj. at ECF p. 4.

---

Additionally, the Court gave plaintiff the option of testifying via videoconference and dividing the examination into as many as three separate sessions, totaling no more than 7 hours in the aggregate. Dkt. 69 at 31-32; Oct. 3 Order ¶ 3.

[2] Fed. R. Civ. P. 46 governs objections at trial, not objections to discovery rulings by magistrate judges.

On November 21, 2022, plaintiff filed her Response to Defendants' Motion to Compel (Pl. Resp.) (Dkt. 77), in which she again argues that she should not be required to produce her tax records beyond Schedule C, because the relief sought by defendant (*i.e.*, enforcement of the October 3 Order as to the tax returns) was "against the weight of authority." Pl. Resp. at ECF pp. 1-2. Plaintiff further contends that she should not be required to sit for deposition – at all – because her testimony would be "duplicative" of the medical records on which she relies, and because her ongoing chemotherapy makes it burdensome for her to participate in a deposition. *Id*. at ECF pp. 2-5. She adds that the release forms that defendants gave her to sign in respect of her employment records were improper. *Id*. at ECF pp. 5-6. Finally, plaintiff characterizes defendants' responses to certain of her Requests for Admissions (RFAs) as "frivolous," and requests an order compelling them to amend their responses. *Id*. at ECF pp. 6-8.

For the reasons discussed on the record during the December 1, 2022 discovery conference and summarized below, it is hereby ORDERED as follows:

1. **<u>Deposition of Plaintiff</u>.** Plaintiff must sit for an oral deposition. Although her medical records are important, they hardly answer every relevant question in this action. And while the extension of her chemotherapy schedule warrants a postponement of her deposition, it is not grounds for exempting her from deposition altogether. In light of the new information that plaintiff has provided concerning her extended chemotherapy schedule, her deposition will take place **the week of January 30, 2023**. As explained in the October 3 Order, the deposition may (at plaintiff's option) be taken remotely and divided into as many as three separate sessions. The parties shall confer and agree upon the exact dates and times for the deposition. In the event plaintiff learns that she is required to undergo yet another chemotherapy treatment in January 2023, she shall

promptly so advise defendants, so that her deposition can once again be rescheduled if necessary. In that event, the Court will also modify the deadlines for expert discovery and summary judgment motions.

2. **Tax Returns.** Plaintiff must produce her complete federal tax returns for 2020 and 2021, including all schedules, no later than **December 2, 2022**. As explained in the October 3 Order, the tax returns may be marked Attorneys' Eyes Only and shall be so treated by defendants' counsel. The plaintiff is reminded that once this Court has ruled on a discovery issue, she is required to obey that ruling or risk sanctions, including contempt sanctions. In this case, plaintiff's disobedience is particularly indefensible, as she did not raise the tax return issue in her Rule 72(a) objections to the October 3 Order. Nor has she provided any new information that could warrant modification of ¶ 2(b) of that Order.[3]

3. **Employer Authorizations.** Plaintiff is correct that the release forms provided by defendants with respect to her employers were not limited in accordance with ¶ 2(a) of the October 3 Order. No later than **December 5, 2022,** defendants shall provide to plaintiff updated employer authorization forms, limited to records concerning compensation and disability accommodations or benefits (if any). No later than **December 12, 2022**, plaintiff shall execute the authorizations and return them to defendants.

4. **Plaintiff's RFAs.** For the reasons discussed during the December 1, 2022 conference, defendants' responses to plaintiffs' RFAs – as written – were not improper. Moreover, the Court is under no obligation "to edit a party's discovery request to make it more palatable." *Fung-Schwartz v. Cerner Corp.*, 2020 WL 4927485, at *8 n.8 (S.D.N.Y. Aug.

---

[3] Plaintiff's assertion that she did not realize until after the Rule 72(a) deadline ran that her tax returns contain (unspecified) "sensitive financial information," Pl. Resp. at 1 n.1, is not persuasive.

21, 2020); *see also Hunnewell v. BakerCorp*, 2018 WL 1505579, at *4 (D. Conn. Mar. 27, 2018) (declining to "re-write" plaintiff's interrogatories). Nonetheless, the Court has in this instance judicially construed certain of plaintiff's RFAs so as to make it possible for defendants to provide substantive responses. No later than **December 15, 2022**, defendants shall serve plaintiff with updated responses to the following RFAs:

a. RFAs to Cornell University, etc., No. 28 (Dkt. 73 at ECF p. 106): This request is judicially construed to read "discussed" in place of "counseled." Defendant shall provide an updated response to the RFA as so construed.

b. RFAs to Dr. Margaret Polaneczky, No. 12 (Dkt. 73 at ECF p. 113): Defendant shall provide an updated response, addressing only the 12 pages of medical records attached as Ex. 2 to the RFAs as served (not including the "slipsheets" inserted in the exhibit provided by plaintiff).

c. RFAs to Dr. Ann Carlson, No. 13 (Dkt. 73 at ECF p. 116): *If* plaintiff produces the original one-page letter attached as part of Ex. 3 to the RFAs as served (*see* Dkt. 73 at ECF page 86), or a true and correct copy of that letter with no added words or images, no later than **December 8, 2022**, defendant shall provide an updated response to this RFA, addressing only that one-page letter.

d. RFAs to Dr. Edward S. Barnes, No. 12 (Dkt. 73 at ECF p. 123): Defendant shall provide an updated response, addressing only the four pages of medical records attached as Ex. 1 to the RFAs as served (not including the "slipsheets" inserted in the exhibit provided by plaintiff).

e. RFAs to CareMount Medical, etc., No. 4 (Dkt. 73 at ECF p. 129): This request is judicially construed to read "discussed" in place of "counseled" and to remove the phrase "to start at age 40." Defendants shall provide an updated response to the RFA as so construed.

f. RFAs to CareMount Medical, etc., No. 12 (Dkt. 73 at ECF p. 129): This request is judicially construed to read "Barnes ordered a Complete Blood Count Test and it was completed by Antipova on each of the following dates." Defendants shall provide an updated response to the RFA as so construed.

g. RFAs to CareMount Medical, etc., No. 15 (Dkt. 73 at ECF p. 130): This request is judicially construed to remove the phrase "an STD." Defendants shall provide an updated response to the RFA as so construed.

5.    **Status Conference**. The Court will hold a status conference on **January 24, 2023, at 10:00 a.m.** The conference will proceed via videoconference. The parties shall file their joint status letter no later than **January 17, 2023**.

All relief not expressly granted herein is DENIED. To the extent not expressly modified herein, all provisions of this Court's previous case management orders (Dkts. 37, 66) remain in effect.

Dated: New York, New York  
December 2, 2022

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**