```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
YELENA ANTIPOVA,                                                       :
                                                                       :
                              Plaintiff,                               :
                                                                       :       21 Civ. 7453 (JPC) (BCM)
               -v-                                                     :
                                                                       :               ORDER
CAREMOUNT MEDICAL P.C., et al.,                                        :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On October 20, 2023, Plaintiff Yelena Antipova, a licensed attorney proceeding *pro se*, filed objections under Federal Rule of Civil Procedure 72(a) to two rulings made by the Honorable Barbara C. Moses, United States Magistrate Judge, in connection with Judge Moses's pretrial supervision of this case. Dkt. 100 ("Order"); Dkt. 101 ("Objection"). Like Judge Moses, the Court is "sympathetic to [Antipova's] medical challenges." Order at 5. However, her objections are unavailing, and the Court therefore overrules them.

Under Federal Rule of Civil Procedure 72(a), a party may file objections to a non-dispositive order made by a magistrate judge, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A magistrate [judge]'s ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Stollman v. Williams*, No. 20 Civ. 8937 (JPC) (JW), 2022 WL 1772552, at *4 (S.D.N.Y. June 1, 2022) (alteration in original) (quoting *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)). "The party seeking to overturn a magistrate judge's decision thus

carries a heavy burden." *U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

Antipova makes two objections.  First, she "objects to Judge Moses'[s] denial of request for either an indefinite extension of time or through December 1, 2025 and grant of only a 60-day extension" to serve her expert reports.  Objection at 2.  Antipova broadly claims that Judge Moses erred in conducting the "good cause" analysis for scheduling modifications under Federal Rule of Civil Procedure 16(b)(4) by finding that neither Antipova's chemotherapy schedule nor her "hope[] . . . [to] have more precise information by [2025] concerning her survivability" provided good cause to extend the deadline until 2025.  Order at 6.  *See Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) ("[U]nder Rule 16[], a finding of good cause depends on the diligence of the moving party." (internal quotation marks omitted)).

The Court discerns no error in Judge Moses's analysis.  Judge Moses has now generously extended the deadline for Antipova to serve her expert reports three times, partly in light of Antipova's continued medical challenges.  *See* Dkt. 83 ¶ 3 (extending deadline to March 31, 2023); Dkt. 95 ¶ 1 (extending deadline to October 2, 2023); Order at 7 (extending deadline to December 5, 2023).  Antipova's claims that Judge Moses erred by not granting her requested extensions for, *inter alia*, serving her expert reports to October 2, 2025 and completing all discovery by December 1, 2025, Dkt. 97, Exh. C, are inapposite, unpersuasive, and at times plainly bewildering.  The notion that Defendants supposed failure to "submit medical records," Objection at 7, somehow disproves Judge Moses's observation that Defendants will continue to "live under the cloud of [Antipova's] malpractice allegations so long as this action is pending," Order at 6, elides the Court.  Nor can the Court make sense of her attempt to distinguish other medical malpractice cases by contending that "only an individual's temperature can be the same 105F [sic] in NY and Mississippi."  Objection at 5.

Antipova at other times misconstrues Judge Moses's ruling. The fact that Antipova requires time to review the reports she has on hand does not—as she appears to suggest—negate their completeness. *Compare* Objection at 5 *with* Order at 6. And Judge Moses's observation that "uncertainty cannot be a reason to delay expert reports indefinitely" was simply an application of black-letter discovery rules to which Antipova offers no persuasive rebuttal. *See* Fed. R. Civ. P. 26(e) (outlining the bases for supplemental expert disclosures); *In re Bear Stearns Co., Inc. Sec., Derivative & ERISA Litig.*, 263 F. Supp. 3d 446, 451 (S.D.N.Y. 2017) ("Rule 26(e) does not grant a license to supplement a previously filed expert report because a party wants to." (internal quotation marks omitted)).

Antipova's attempts to show good cause fare no better. The mere fact that some medical malpractice cases have a four- or even five-year pendency does not by in and of itself constitute good cause to grant her request when such a metric has little bearing on Antipova's own diligence. *See* Objection at 3-4. Relatedly, Antipova's concession that "Judge Moses focused on what Plaintiff has done" in her Order, Objection at 4, only shows that Judge Moses applied the appropriate legal framework, given the required focus on "the diligence of the moving party," *Gullo*, 540 F. App'x at 47. And, while the Court is sympathetic to the fact that Antipova may not "have the strength to review the experts' reports . . . within the 60 days permitted by Judge Moses," her objection to the precise length of the extension granted by Judge Moses is simply an attempt to re-litigate her request and does not provide cause to "modify or set aside" the Order on clear-error review, especially where Judge Moses has granted her two prior extensions. Fed. R. Civ. P. 72(a). In the absence of other developed arguments, the Court can discern no error that would cast doubt on Judge Moses's thoughtful and well-reasoned ruling.

Antipova also objects to Judge Moses's denial of her request to reopen discovery with respect to NYU Langone. Objection at 7-8. This request is also governed by the "good cause"

standard of Rule 16(b)(4). *See United States v. Prevezon Holdings, Ltd.*, 236 F. Supp. 3d 871, 873 (S.D.N.Y. 2017) (describing the factors for determining whether good cause exists to reopen discovery). Judge Moses denied this request because it was duplicative of an earlier, unsuccessful request to reopen discovery; notably, Antipova did not object to the previous denial. Order at 7. Antipova now asserts that Judge Moses should have granted her reopening request because she "has an excusable neglect [sic] for missing [the] deadline, . . . Defendants have not stated a reason for prejudice[,] and . . . [she] has not exhibit a dilatory behavior [sic]." Objection at 8. This barebones recital of some (though not all) of the factors courts take into account in assessing discovery reopening requests does little to convince the Court that Judge Moses erred in her ruling. Antipova's objection evinces no real effort to engage with the concerns Judge Moses raised.

In sum, the Court sustains Judge Moses's rulings on both issues. Antipova's objections are accordingly overruled.

SO ORDERED.

Dated: October 25, 2023
New York, New York

                                      _____
                                      JOHN P. CRONAN
                                      United States District Judge