| | |
|---|---|
| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK<br><br>Yelena Antipova,<br><br>                                        Plaintiff,<br><br>                      -against-<br><br>CareMount Medical P.C., et al.,<br><br>                                        Defendants. | Case Number.:<br><br>1:21-cv-07453 (JPC) (BCM)<br><br>**Motion for Reconsideration**<br><br>PRESENT:<br><br>HON. JOHN P. CRONAN<br>United States District Judge<br><br>HON. BARBARA C. MOSES<br>United States Magistrate Judge |

Plaintiff, Yelena Antipova, who is proceeding *pro se*, respectfully objects to Hon. John P. Cronan's recent order[1] and requests Hon. John P. Cronan to reconsider under Fed. R. Civ. P. Sec. 46 and/or Local Rule 6.3 and to overrule Hon. Barbara C. Moses' recent order.[2]

RELIEF REQUESTED, as discussed more fully in the annexed memorandum of law, the Court should grant the Plaintiff's request.

Respectfully submitted,

/s/ Yelena Antipova
_____
Yelena Antipova,
pro se plaintiff.
174 Grand Street, Apt. 2A,
Jersey City, NJ 07302
janedoe.sep.2021@gmail.com
(614) 406 7304
Date:  November 8, 2023

Plaintiff's motion for reconsideration is denied.  The Court will construe her motion as being brought under Rule 60(b).  "[I]t is well established that a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Niederland v. Chase*, 425 F. App'x 10, 12 (2d Cir. 2011).  Most of Plaintiff's objections amount to just that.  She previously raised her non-dilatory behavior, the limited scope of her desired changes to the expert reports, and the lack of prejudice to Defendants.  *Compare* Dkt. 101 at 4 (dilatory behavior); *id.* at 6 (limited scope); *id* at 6-7 (lack of prejudice) *with* Dkt. 104 at 3-4 (dilatory behavior); *id.* at 5-6 (limited scope); *id.* at 6-7 (lack of prejudice).  As for Plaintiff's further elaboration of her request to reopen discovery "for completeness," Dkt. 104 at 7, "[a] motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced," *Nicholas v. Bratton*, No. 15 Civ. 9592 (JPO), 2019 WL 2223407, at *2 (S.D.N.Y. May 23, 2019).  The Clerk of Court is respectfully directed to close Docket Number 104.

SO ORDERED.
Date: November 13, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[1] ECF 103
[2] ECF 100

## MEMORANDUM OF LAW

1. *Timing and Standard of Review*

Pursuant to Rule 46 of Fed. R. Civ. P., when the ruling or order … is … made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection.  Further, pursuant to Local Rule 6.3,  a notice of motion for reconsideration … of a court order … shall be served within fourteen (14) days after the entry of the court's determination … . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decision ... which counsel believes the Court has overlooked.

2. *Extension of Time – objection one* [3]

Your Honor overruled the Plaintiff's objection because: (1) Your Honor found that the Plaintiff did not meet a "diligence" element of a "good cause" requirement within the meaning of Fed. R. Civ. P. 16(b) by citing *Gullo v. City of New York;* (2) the Plaintiff allegedly stated a concession that Judge Moses applied the appropriate legal standard; (3) Your Honor could not follow the Plaintiff's attempt to distinguish medical malpractice cases with a case that states that "only an individual's temperature can be the same 105F in NY and Mississippi;" (4) the Plaintiff did not rebut Fed. R. Civ. P. 26(e) citing *In re Bear Stearns Co*; and (5) the Plaintiff, at other times misconstrued, Judge Moses' orders.[4]

   i. *Analysis of the Plaintiff's diligence*

---

[3] The following analysis refers to most cases without additional citations because they have been fully cited either in the Court's prior orders (ECF 100 (Judge Moses's orders); ECF 103 (Your Honor's order), or the Plaintiff's submissions (ECF 97 and 100 (the Plaintiff's motion for an extension of time and objections under Rule 72).
[4] The Plaintiff will not respond to a general statement of misconstruing Judge's orders, but believes that she understands Judge Moses correctly.

Under Fed. R. Civ. P. 16(b), a finding of "good cause" involves a consideration of a moving party's diligence.[5] The courts that review "diligence" explain it through fact patterns that show a "*lack* of diligence." The Plaintiff calls the cases "a dilatory behavior" line of cases.[6]

⇒ Responses to (1) – (2).

Your Honor cites *Gullo* which in turn cites *Parker v Columbia Pictures*.[7] Both cases present fact patterns for a lack of diligence and are similar to the cases cited by Judge Moses,[8] and the Plaintiff.[9]

For the Plaintiff's alleged concession to be true, there must be evidence of the Plaintiff's dilatory behavior. Neither Your Honor nor Judge Moses point to how the Plaintiff's conduct was not diligent.[10] Therefore, a legal standard for finding a lack of diligence and, therefore, no good cause is not met. The following chart presents questions (with respect to a behavior where courts find a lack of diligence) and answers (with respect to the Plaintiff's behavior):

| The following questions, if answered in an affirmative, would establish (under the case law) a legal framework to support the Court's assertion for no good cause based on a lack of diligence. | Plaintiff's behavior |
|---|---|
| Was the Plaintiff on notice about an expert and provided no justification for not acting sooner? | No[11] |

---

[5] ECF 101, footnotes 18-22
[6] ECF 97, page 5.
[7] In *Gullo*, a plaintiff, while in possession of certain information, failed to act for three months without any justification. In *Parker v Columbia Pictures,* a court stated that where a plaintiff missed a court's established deadline, the plaintiff did not act with diligence.
[8] *Okrayanets v. Metropolitan and Sandata Technologies, Inc. v. Infocrossing, Inc.*
[9] ECF 101, footnotes 18-22
[10] On the contrary, the Plaintiff's behavior evidences diligence (not a lack thereof), precision, compliance with court orders, swift action, desire to move the case forward to a maximum extent possible and she is able to so, and consideration of the Court's stand on the issue of experts. The Plaintiff's behavior should inspire trust and confidence that she will do her best to bring the case to a close.
[11] In the past, the Plaintiff cited authorities to negate a need for an expert:
   i. *Georgia Marsh, Appellant v. James Smyth*, 785 N.Y.S.2d 440 (2014) (The case was tried under res ipsa loquitur, but it was critical to the court that the articles mirrored Plaintiff's situation). ECF 36, footnote 1. The articles that the Plaintiff cites in her complaint mirror the Plaintiff situation; and
   ii. Federal Rules of Evidence, Rule 803 - Exceptions to the Rule Against Hearsay: (8) Public Records; (17) Market Reports and Similar Commercial Publications; and (18) Statements in Learned Treatises, Periodicals, or Pamphlets.

| | |
|---|---|
| Was the Plaintiff late in submitting her expert reports? | No |
| Did the Plaintiff fail to act during the time permitted in Judge Moses' orders? | No |
| Did the Plaintiff fail to secure an additional expert in 5 months? | No |
| Did the Plaintiff fail to secure preliminary reports in 5 months? | No |
| Are reports served on October 2 substantively different from reports served on February 10 to create a surprise for the Defendants? | No |
| Are reports submitted after a joint pre-trial order? | No |
| Are reports submitted during a trial? | No |
| Did the Plaintiff fail to communicate with the Defendants? | No |
| Is there evidence that the Plaintiff is not doing anything? | No |

If Judge Moses asserts that if the Plaintiff was able to secure experts and tentative reports in five (5) months, she should be able to revise them in sixty (60) days and her chemotherapy schedule does not provide for a good cause, the Court needs to look no further than on the Plaintiff's Sanctionable Behavior Notice to the Defendant's for a perspective.[12]  Most notably, the Defendants, having lawyers and staff (13 of them), failed to create a single-page document (i.e., an employment authorization) for 10 months, until the Plaintiff (in order to advance her case) provided assistance in locating a form.  The behavior shows that the Defendants are not in a hurry.

---

     *Id.*  The articles that the Plaintiff cites in her complaint are acceptable evidence and they are also considered authoritative by the Plaintiff's experts; and

  iii. NY Public Health Law Section 266.  ECF 67 and ECF 90, page 28.  When a statute establishes a course of conduct, an expert report is not needed.  The Plaintiff is working on additional patches to the statute and believes it will close remaining loopholes.  She will present it on summary judgment.

     The Defendants and Judge Moses have been litigating the issue for 11 months (starting in March 2022 court conference and continuing during January 2023 court conference).

[12] ECF 97, page 61.

While the Plaintiff appreciates the Court's sympathy, the Plaintiff is worried that the amount of remaining time is insufficient for the Plaintiff to prepare her case. Her medical condition and her physical mobility is changing for the worse,[13] which makes it difficult to estimate the time.

⇒ <u>Response to (3)</u>.

Judge Moses cited *Okraynets* for a proposition that the Plaintiff is not entitled to delay expert discovery in the hopes to have a more precise information about her survivability. In *Okraynets,* a party was injured from a fall and wanted to amend an expert report during a trial; the judge denied the request.

The case does not apply to the Plaintiff's case because: (1) the Plaintiff's case is not in trial; a trial is a process with more people to manage; and (2) medical conditions are different (i.e., a fall injury vs genetic susceptibility to cancer); hence, the Plaintiff cites a case that "only an individual's temperature can be the same 105F in NY and Mississippi." Stated differently, only comparable conditions should be treated the same by the Court – to compare apples to apples.

⇒ <u>Response to (4)</u>

The Plaintiff did not rebut Fed. R. Civ. P. 26(e) because the rule does not apply to the Plaintiff's request. Also, the case of *In re Bear Stearns Co.* does not apply. Authorities apply after: (1) a court's established deadline under FRCP 16 has closed; and (2) a party (without seeking a leave of court) submits an expert report that contains *substantive* changes or *new* evidence.[14]

---

[13] The Plaintiff is being worn down by frequent office visits to receive chemotherapy medications which take an enormous amount time and toll on her body; a total of 59 office visits since Judge Moses' April order. One office visit starts at 8 am and lasts to 5 pm. In addition, the Plaintiff receives two to three immunity boosters; one office visit per a booster which starts at 10 am to 4 pm. As the cancer showed complete resistance to chemotherapy, the Plaintiff is contemplating a surgery to remove it.

[14] *In re Bear Stearns Co.* is a case similar to the case of *Sandata Technologies, Inc.* sited by Judge Moses where a party has initially submitted a 95 pages-long expert report; then, without asking a leave of court, the party submitted another 25 substantive pages. Both cases are dilatory behavior cases.

The Plaintiff's current request is similar to her March 2023 request for the extension of time.[15] In March, the Plaintiff requested to revise the report for efficacy and propriety and to submit a supplemental report. Since February 10, 2023, when the Plaintiff posted her initial standard of care report, the report has not changed (substantively), there was no new evidence, and the number of pages has not changed. The letter was 2 pages in February and it remained 2 pages in October. Residual pages consist of procedural items, including an expert's resume.

The Plaintiff contemplates wordsmithing to the standard of care report which will be similar to: (1) Judge Moses' drafting and redrafting of RFAs within the meaning of NY Public Health Law Section 266; and (2) changes that appear in the October report as compared to the February report.[16]

The same wordsmithing is needed for the survivability report. The only change that could be substantive is the Plaintiff's survivability number. As the case centers around the Plaintiff's genetic condition, a change is important. The report is 5 pages and it will not change. The above authorities will not apply because the Plaintiff is seeking a leave of court to make the change.

### ii. Analysis of the Defendant's reasons for prejudice

Your Honor stated that the Plaintiff's observation that the Defendants should have presented medical records supports Judge Moses' observation about a cloud.[17]

Numerous cases[18] require the Defendants to state reasons for prejudice, not the Court to make a statement on their behalf. A reason for prejudice would exist where "a party [will state

---

[15] ECF 90, page 10.
[16] If NYU Langone is added, wordsmithing will be need as well.
[17] Judge Moses made an assumption about a cloud. Not everyone lives with a cloud. There may or may not be medical records. The Defendants brought the lawsuit upon themselves. They put their heads in the sand.
[18] ECF 101, page 3, footnote 11.

that it] has to spend time, energy, money and resources."[19]  Neither set of Defendants articulated a reason. Further, an emotional state of mind, like a "cloud," is not within the definition of prejudice.

### 3. Addition of NYU Langone – objection two

Your Honor denied the Plaintiff's request to reopen discovery with respect to NYU Langone because: (1) the Plaintiff's barebone analysis of some of the factors does not convince the Court; and (2) the Plaintiff evinced no effort to engage with the concern that Judge Moses raised – namely the fact that the Plaintiff did not object to the previous denial.  Your Honor cites *United Stated v Prevezon Holdings, Ltd. for* elements to re-open discovery. The Plaintiff states them for completeness, below:

| U.S. v Prevezon | Plaintiff's response |
|---|---|
| The imminence of trial | No trial date is set |
| Whether request is opposed? | No |
| Whether the non-moving party would be prejudiced? | The Defendants stated no reason for prejudice. |
| Whether the moving party was diligent in obtaining discovery within the guideline established by the court? | The elements of diligence (or a lack thereof) are stated above. The Plaintiff provides statements of facts from the record to address the issue of not objecting to Judge Moses' previous denial of her request within 14 days.<br><br>In May of 2022, Judge Moses granted the Plaintiff's motion to add a corporate party. The circumstances surrounding the motion |

---

[19] ECF 97, page 60, footnote 18.

| | |
|---|---|
| | allowed the Plaintiff to believe that Judge Moses understands how corporate entities operate and how they structure transactions to minimize a liability. In May of 2023, Judge Moses denied the Plaintiff's request to add another corporate entity (i.e., NYU Langone.) In light of the favorable ruling, the Plaintiff thought that Judge Moses had legal basis for the denial. Upon further review, the Plaintiff discovered that the issue is viable, and in order to make a strong argument, not only a knowledge of: (1) the fact that Barnes provides services at NYU Langone (albeit an important fact); (2) relevant rules; and (3) how corporations minimize their liabilities are relevant, but also a knowledge of how the industry operates is important; thus the Plaintiff presented structures to compare corporate Defendants.[20] Prior to her lawsuit, the Plaintiff had been involved in transactions where a legal analysis can take up to a year. A limitation of 14 days on objections is insufficient to outline a legal basis. The Plaintiff's approach is similar in her approach to outlining legal basis for NY Public Health Law Sec. 266; the Plaintiff is being thorough. The Plaintiff will not presume to fully explain the statute on a summary judgment. |
| The foreseeability of the need for additional discovery in light of | The discovery would lead to relevant evidence because it would show the extent of the relationship between Barnes and NYU Langone, which would lead to adding NYU Langone as a defendant. |

---

[20] ECF 97, page 97.

| | |
|---|---|
| the time allowed by the court. | |
| The likelihood that the discovery will lead to relevant evidence. | Same as above. |