USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/19/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YELENA ANTIPOVA,

               Plaintiff,

-against-

CAREMOUNT MEDICAL P.C., WEILL
CORNELL MEDICINE, NEW YORK-
PREBYTERIAN /WEILL CORNELL
MEDICAL CARE, EDWARD S. BARNES,
M.D., MARGARET M. POLANECZKY,
M.D., ANN D. CARLSON,

               Defendants.

21-CV-07453 (JPC) (BCM)

**REPORT AND RECOMMENDATION
TO THE HON. JOHN P. CRONAN**

**BARBARA MOSES, United States Magistrate Judge.**

Pro se plaintiff Yelena Antipova commenced this medical malpractice action in September 2021 but died in January 2024, before expert discovery was completed. No successor or representative has sought to be substituted as the plaintiff in place of Ms. Antipova. On May 22, 2024, defendants Edward S. Barnes, M.D., CareMount Medical P.C., and Murray Hill Medical Group, P.C. (the CareMount Defendants) filed a motion to dismiss the case pursuant to Fed. R. Civ. P. 25(a)(1) and 41(b) (Dkt. 111), and on May 23, 2024, defendants Ann D. Carlson, M.D., New York-Presbyterian/Weill Cornell Medical Center, Margaret M. Polaneczky, M.D., and Weill Cornell Medicine (the Cornell Defendants) filed a similar motion. (Dkt. 115.)  Both motions were referred to me for report and recommendation. (Dkts. 114, 118.) For the reasons that follow, I recommend, respectfully, that the motions be granted and that this action be dismissed, without prejudice, pursuant to Rule 25(a)(1).

## I.      BACKGROUND

Plaintiff filed her complaint on September 3, 2021, invoking the Court's diversity jurisdiction. (Dkt. 2.) Thereafter, the case was referred to me for general pretrial management.

(Dkt. 26.) Fact discovery closed on February 3, 2023, when plaintiff's deposition was completed. (*See* Dkt. 100 at 2.) Expert discovery was scheduled to conclude on March 15, 2024. (*See* Dkt. 100 at 7.)

On February 14, 2024, defendants advised the Court by letter that, in the process of scheduling the depositions of plaintiff's expert witnesses, they learned that plaintiff died in January 2024. (Dkt. 107.) Defendants also advised that, according to her deposition testimony, Ms. Antipova was unmarried and had no children. *Id*. Nor did she have counsel.[1] By order dated February 14, 2024 (Dkt. 108), I vacated all pending pretrial deadlines; advised that if no motion for substitution were made within 90 days, in accordance with Rule 25(a), the Court would entertain a motion to dismiss; and directed defendants to mail a copy of my order, addressed to "Yelena Antipova or her executor or representative," at her last-known residential address, which they did. (Dkts. 109, 110.)

No motion for substitution was made within the 90-day period, or thereafter. On May 22, 2024, the CareMount Defendants filed their motion to dismiss, accompanied by the declaration of Shari D. Steinfeld, Esq. (Dkt. 112) and a memorandum of law (CareMount Mem.) (Dkt. 113). On May 23, 2024, the Cornell Defendants filed their own motion to dismiss, accompanied by the declaration of Gregory J. Radomisli, Esq. (Dkt. 116) and a memorandum of law (Cornell Mem.) (Dkt. 117). No opposition was filed.

## II.    ANALYSIS

### A.    Rule 25(a)

Rule 25(a), which governs the substitution of parties in federal district courts after a death, provides in relevant part:

---

[1] Ms. Antipova was herself a lawyer. However, as noted above, she brought this action pro se.

> **Substitution if the Claim Is not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper parties. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed[.]

Fed. R. Civ. P. 25(a)(1).

Ms. Antipova's claims were not extinguished by her death. Under New York law, which governs the issue, *see Loguidice v. Gerber Life Ins. Co.*, 2023 WL 6162925, at *2 (S.D.N.Y. Sept. 21, 2023), "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed." N.Y. Est. Powers & Trusts Law § 11-3.2(b). Thus, a medical malpractice action may be brought or continued by a deceased patient's estate, *see*, *e.g*., *Boyle v. Revici*, 1986 WL 6486, at *1 (S.D.N.Y. June 4, 1986) (action commenced by patient; continued by patient's estate), and Rule 25(a)(1) applies.

Ordinarily, in order to trigger the running of the 90-day period during which a successor or representative must file a motion to substitute, the statement noting the death of a party must identify the successor(s) or representative(s) who may be substituted in place of the decedent, and must be served upon any such successor or representative. *See* 7C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1955 (3d ed. 2019) ("The statement noting the death must be in writing and identify the representative to be substituted, and it must be served on the parties in accordance with the procedures of Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons."); *accord*, *Grant v. Witherspoon*, 2020 WL 71052, at *3 (S.D.N.Y. Jan. 3, 2020).

However, as the Second Circuit noted in *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir. 1998), Rule 25(a) does not, by its terms, "require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved

parties." *Id*. at 470. Thus, in situations where – as here – there is "an inability or a significant difficulty in identifying [the decedent's] legal representative or successor," the statement noting death may trigger the 90-day clock without identifying any specific representative or successor. *Id*.; *see also Kotler v. Jubert*, 986 F.3d 147, 154 (2d Cir. 2021) ("[I]t necessarily follows from *Unicorn Tales* that if a statement of death need not even *identify* the representative — and indeed, that a representative need not even *exist* at the time of service — for the 90-day clock to start running for the served party, then it certainly is not required that the statement be *served* on that representative."); *Ayuso v. Sawyer*, 2023 WL 8237054, at *1-2 (S.D.N.Y. Nov. 28, 2023) (where deceased plaintiff was "unmarried with no children," statement of death was adequate notwithstanding that it did not identify any successor or legal representative).

In this case, defendants' February 14 letter and the Court's February 14 order were served upon all parties through the Court's ECF system, thus satisfying Fed. R. Civ. P. 5(b)(2)(E). Additionally, the February 14 order – noting plaintiff's death and the 90-day period for a substitution motion – was sent by first-class mail to plaintiff's last known residence, addressed to plaintiff "or her executor or representative," in an attempt to ensure actual notice to Ms. Antipova's executor, administrator, and/or heirs. Under the circumstances, I conclude that the "statement noting the death" was adequately served. *See Ayuso*, 2023 WL 8237054, at *2 ("A statement of death is properly served on a *pro se* Plaintiff at his last known address and on the Clerk of the Court."); *Lubas v. JLS Grp., Inc.*, 2023 WL 2795981, at *2 (E.D.N.Y. Mar. 23, 2023) (after death of plaintiff, service of statement of death on all parties via ECF was sufficient; defendants were not required to serve statement on deceased plaintiff's spouse, who was "located in either Nicaragua or Guatemala"); *Harris v. Slocum*, 2021 WL 5166184, at *2 (W.D.N.Y. Nov. 5, 2021) (statement of death was properly served on deceased pro se plaintiff by mailing it to his "last

known address" in compliance with Rule 5, and was effective even though "it was returned as undeliverable"); *Miller v. DCM, Inc.*, 2007 WL 959509, at *1 (S.D.N.Y. Mar. 15, 2007) (similar). Since the statement of death was adequately served, and no motion for substitution was made within the next 90 days (or at any time thereafter), defendants' motions to dismiss should be granted.

Defendants request that the case be dismissed with prejudice. *See* CareMount Mem. at 8; Cornell Mem. at 1. However, Rule 25(a)(1) does not specify whether such a dismissal is with or without prejudice. In *Miller*, the court dismissed without prejudice, reasoning that "because the plaintiff proceeded pro se and the suggestion of death and subsequent Order dated December 9, 2006 were served only on the deceased plaintiff at her last known address, the Court cannot know with certainty at this stage whether a legal successor exists who may attempt to substitute for the plaintiff and renew the case." 2007 WL 959509, at *1; *see also Harris*, 2021 WL 5166184, at *2 (similar). Here too, the Court cannot know with certainty whether Ms. Antipova has a legal successor, or whether that successor may seek to reopen and pursue the case. Consequently, the better course would be to dismiss this action pursuant to Rule 25(a)(1) without prejudice.

### B.    Rule 41(b)

Rule 41(b) authorizes a federal district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Such a motion "is addressed to the sound discretion of the Court," *Montalvo v. Quigley*, 144 F.R.D. 21, 23 (E.D.N.Y. 1992), and may be made – as an alternative to a Rule 25(a)(1) motion – where the original plaintiff has died and no successor has stepped forward to continue the case. *Id.*; *see also Keating v. Leviton Mfg. Co.*, 2009 WL 234654, at *2 (E.D.N.Y. Jan. 30, 2009) ("Courts have repeatedly found that dismissal of an action is warranted when no motion for substitution is made

more than ninety days after a suggestion of death is filed.") (collecting cases). Here, both sets of defendants have moved under Rule 41(b) as well as Rule 25(a)(1). CareMount Mem. at 6-8; Cornell Mem. at 3-4.

> A district court considering a Rule 41(b) dismissal must weigh five factors:
>
> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Baptiste*, 768 F.3d at 216; *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999).

In this case, the relevant factors, considered as a whole, weigh in favor of a Rule 41(b) dismissal. As to the first factor, although Ms. Antipova was an active litigant, six months have now passed since her death (including five months since the statement of death was filed), with no indication that anyone with standing to pursue the action as her successor intends to do so. *See Keating*, 2009 WL 234654, at *2 (dismissing under Rule 41(b) where "[m]ore than five months have passed since the suggestion of death was filed with no indication that plaintiff's estate intends to continue this action"); *Waters v. N.Y. Univ. Med. Ctr.*, 2006 U.S. Dist. LEXIS 96794, at *3 (E.D.N.Y. June 13, 2006) (dismissing where no substitution motion was made for more than one year after statement of death was filed, notwithstanding that plaintiff's counsel sought and obtained an extension of time within which such a motion could be made). As to the second factor, this Court's February 14 order expressly advised that if no motion for substitution were made within 90 days, the Court would entertain a motion to dismiss. As to the third factor, the continued pendency of this action would prejudice the defendants both economically (because their lawyers

would, at a minimum, be required to remain engaged and monitor the docket) and reputationally (because the public record would reflect an open medical malpractice case against them). The fourth factor is neutral, given the plaintiff's death and the dearth of any present or anticipated docket activity beyond the pending motions to dismiss. Finally, because of the plaintiff's death, there is no "sanction less drastic" than dismissal likely to prompt the continued pursuit of this action. *See Waters*, 2006 U.S. Dist. LEXIS 96794, at *3 (lesser sanctions would not be effective because "[n]o action can be taken here until substitution is accomplished").

Under Rule 41(b), as under Rule 25(a)(1), courts typically dismiss without prejudice where either the existence or the intention of plaintiff's potential successor(s) is uncertain. *See*, *e.g.*, *Keating*, 2009 WL 234654, at *1, *2 (dismissing without prejudice where no substitution motion was made and plaintiff's counsel reported that plaintiff's estate "has not responded to repeated letters apprising the estate of this action"); *Waters*, 2006 U.S. Dist. LEXIS 96794, at *4-5 (recommending dismissal without prejudice where "this Court cannot be certain whether the beneficiaries of the [deceased plaintiff's] estate have received proper notice under Rule 25(a)").

## III. CONCLUSION

For the reasons set forth above, I recommend, respectfully, that defendants' motions to dismiss be GRANTED and that this action be DISMISSED, without prejudice, pursuant to Rule 25(a)(1). In the alternative, I recommend that the action be DISMISSED, without prejudice, pursuant to Rule 41(b).

Dated: New York, New York
      July 19, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**

### <u>NOTICE OF PROCEDURE FOR FILING OBJECTIONS</u>
### <u>TO THIS REPORT AND RECOMMENDATION</u>

The parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. John P. Cronan, United States District Judge, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018) (summary order); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).